**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4225**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEE EDWARD PHILLIPS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge. (5:13-cr-00117-F-1)

———————

Argued:  January 28, 2015            Decided:  March 3, 2015

———————

Before TRAXLER, Chief Judge, and DIAZ and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Phillip Anthony Rubin, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Edward Phillips, a federal prisoner, pleaded guilty to possessing a prohibited object in prison, see 18 U.S.C. § 1791(a)(2), and was sentenced to 41 months' imprisonment. Phillips appeals, challenging the procedural reasonableness of his sentence and the district court's determination that he qualified as a career offender. For the following reasons, we affirm.

I.

Phillips pleaded guilty to federal firearms charges in Tennessee in 2003 and was sentenced to 188 months' imprisonment. In 2012, while incarcerated at the Federal Correctional Institute in Butner, North Carolina, Phillips was found in possession of a handmade weapon fashioned from a section of electrical conduit tied to a 12-inch rope woven from t-shirt remnants. Phillips was indicted on a single count of possessing a weapon in prison and thereafter pleaded guilty.

According to the presentence report ("PSR"), the offense of conviction was a "crime of violence" qualifying Phillips as a career offender. U.S.S.G. § 4B1.1(a)(2). With the enhanced base-offense level and criminal history category flowing from the career-offender designation, see id. § 4B1.1(b), the PSR determined that Phillips' advisory sentencing range under the Guidelines was 37-46 months' imprisonment.

At sentencing, counsel argued that mere possession of a weapon was a passive, status offense that should not qualify as a crime of violence for career-offender purposes. Counsel contended that Phillips, who had been diagnosed with colon cancer in 2012 and had part of his colon removed in 2013, had been physically and sexually assaulted previously and that his struggle with colon cancer left him more vulnerable. According to counsel, Phillips possessed the weapon for self-defense only and would not have used it to commit a crime. Relying on United States v. Mobley, 687 F.3d 625, 631-32 (4th Cir. 2012), the court overruled Phillips' career-offender objection.

Counsel for Phillips then sought a downward variance to 27 months' imprisonment, again arguing that Phillips' vulnerability was a mitigating factor in his possession of a weapon. Counsel explained that Phillips' surgery occurred six months after he arrived at Butner and that he had lost between 40 and 50 pounds, rendering him significantly more susceptible to a prison assault. Counsel also suggested that the lower sentence was appropriate because Phillips had been placed in seclusion. Finally, counsel acknowledged Phillips' prior criminal conduct, but suggested that the lower sentence was nonetheless appropriate given the circumstances.

4

In response, the government emphasized that Phillips had an extensive criminal history and had previously been cited for possessing a weapon in prison, along with numerous other prison infractions. In light of this history, the government asked for a sentence near the high end of the career-offender range.

After offering Phillips an opportunity to speak, the court made the following statement:

> The court finds the basis for the findings contained in the [PSR] to be credible and reliable and, therefore, the court adopts those findings.
>
> Based on those findings, the court has calculated the imprisonment range prescribed by the advisory Sentencing Guidelines.
>
> The court has considered that range as well as other relevant factors set forth in the advisory Guidelines and those set forth in 18 United States Code section 3553(a).
>
> Pursuant to the Sentencing Reform Act of 1984, it's the judgment of the court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 41 months.
>
> The term of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment under any previous state or federal sentence.

J.A. 39-40. This appeal followed.

## II.

Phillips first challenges the procedural reasonableness of his sentence. A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an

5

appropriate sentence, considers the 18 U.S.C. § 3553(a) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. See Gall v. United States, 552 U.S. 38, 49-51 (2007). In this case, Phillips contends his sentence is procedurally unreasonable because the district court failed to address his nonfrivolous arguments in favor of a downward variance and failed to explain why it had rejected them.

As this court has explained, "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The explanation must be sufficient to allow for "meaningful appellate review," such that the appellate court need "not guess at the district court's rationale." Id. at 329, 330 (internal quotation marks omitted).

Based on our review of the sentencing transcript, we agree that the district court's explanation in this case was insufficient, thereby rendering Phillips' sentence procedurally unreasonable. Because Phillips properly preserved this issue for review, see United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010), we must reverse unless we conclude that the error was harmless, see id. at 576. The government may establish that

6

such a procedural error was harmless, and thus avoid remand, by showing "that the error did not have a substantial and injurious effect or influence on the result [such that] we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks and alterations omitted).

Applying this standard to the facts of this case, we conclude that the government has satisfied its burden of showing that the district court's procedural error was harmless. The district court's adoption of Phillips' PSR, which recited Phillips' criminal history, various prison infractions, and medical condition, establishes the court's familiarity with Phillips' background and personal circumstances as relevant to the § 3553(a) sentencing factors. Further, the arguments Phillips advanced in favor of a below-Guidelines sentence were less than persuasive, particularly when juxtaposed with Phillips' significant criminal record and history of violent conduct while in prison. See id. at 839–40 (explaining that comparative weakness of a defendant's arguments for a lower sentence is one reason to decline to remand a case for further explanation). Finally, the sentencing transcript reveals little room to doubt that the district court considered defense

7

counsel's arguments in favor of a downward variance, as this was one of two issues contested at sentencing, and the court imposed sentence immediately after hearing the attorneys' arguments. See id. at 839 ("[E]ven if the district court erred by not adequately explaining its reasons for rejecting Boulware's argument for a below-guidelines sentence, we are quite confident that the district court undertook that analysis and considered Boulware's argument."). We are thus persuaded that, in this case, any shortcoming in the court's explanation for the sentence it selected is harmless and that remand is not warranted.

## III.

We turn now to Phillips' argument that his conviction was improperly characterized as a crime of violence and thus that he was erroneously designated a career offender. As counsel for Phillips acknowledges, however, this argument is foreclosed by our decision in United States v. Mobley, where we held that a conviction under 18 U.S.C. § 1791 for possessing a weapon in prison was a crime of violence as defined by the career-offender provisions of the Guidelines. See Mobley, 687 F.3d at 631-32. Because one panel of this court may not overrule a decision of another panel, see, e.g., McMellon v. United States, 387 F.3d 329, 332-33 (4th Cir. 2004) (en banc), we reject Phillips'

argument and conclude that he was properly sentenced as a career offender.

IV.

Accordingly, for the foregoing reasons, we hereby affirm Phillips' sentence.

<u>AFFIRMED</u>